**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**STEPHEN CARACAPPA,**

                      **Petitioner,**

                                                                    **ORDER**

                -against-                                             **11-CV-4921 (JBW) (RLM)**

**UNITED STATES OF AMERICA,**

                      **Respondent.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court, on a referral from the Honorable Jack B. Weinstein, is a voucher for payment of attorney's fees (the "Voucher") in the amount of $45,910.39, submitted by attorney Zoe Dolan ("Ms. Dolan"), pursuant to the Criminal Justice Act ("CJA" or the "Act"), 18 U.S.C. § 3006A. The application for payment is in connection with Ms. Dolan's representation of Stephen Caracappa from December 5, 2011 until October 8, 2012, with respect to his habeas corpus petition under 28 U.S.C. § 2255. The amount requested by Ms. Dolan exceeds by more than $36,000 the statutory maximum of $9,700 for representation of a petitioner in a non-capital habeas corpus proceeding.

      This order serves as notice pursuant to Volume 7, Part A, Administrative Office of the United States Courts, Guide to Judiciary Policy, CJA Guidelines ("CJA Guidelines") § 230.36(a), that this Court is considering proposing a reduction of Ms. Dolan's requested fee amount, on the ground that the requested amount in excess of the statutory maximum is not "necessary to provide fair compensation . . . ." 18 U.S.C. § 3006A(d)(3).

      Upon a review of the Voucher, the Court is inclined to recommend a reduction in the fee

award because of a seemingly inefficient use of research and consultation time, as well as excessive time charges related to ground travel while counsel was in Florida. Additionally, the use of block billing in Ms. Dolan's fee application and the inclusion of vague time entries are practices that courts routinely frown upon, and call for a reduction in the fees paid. See G.B. *ex rel*. N.B. v. Tuxedo Union Free Sch. Dist., 894 F.Supp.2d 415, 440 (S.D.N.Y. 2012) (vague time entries); Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc., 277 F.Supp.2d 323, 326 (S.D.N.Y. 2003) (block billing).

After reviewing the criteria included in the CJA Guidelines, the Court proposes an award of $30,000 as sufficient to constitute fair compensation. See CJA Guidelines § 230.23.40(c).

The Court will provide Ms. Dolan an opportunity to address the proposed reduction in accordance with the CJA Guidelines. See id. § 230.36(a). Any response to this Court's order from Ms. Dolan is due by June 21, 2013.

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
          **June 7, 2013**

                                                /s/ *Roanne L. Mann*
                                                **ROANNE L. MANN**
                                                **UNITED STATES MAGISTRATE JUDGE**